FRANK ZORRILLA, ETC., Petitioner and Appellant, *v.* METRO-
POLITAN CONSTRUCTION CORP. and/or ANTONIO MARTOS
TORRES, Respondents and Appellees.

No. R-64-192.        Decided March 29, 1965.

*Manuel Janer Mendía* and *Ramón R. Lugo Beauchamp* for
appellant. *Celestino Morales, Jr.,* and *Francisco L. Acevedo
Nogueras* for appellees.

Division composed of Mr. Justice Belaval, as Chief Judge of
Division, Mr. Justice Hernández Matos, and Mr. Justice
Santana Becerra.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the
Court.

The Secretary of Labor filed a claim for wages in the
Superior Court of San Juan on behalf of workman Fran-
cisco Negrón Figueroa against Metropolitan Construction
Corp. or, in its stead, Antonio Martos Torres. It was alleged
in the complaint that respondents hired and utilized the
services of the workman as watchman in a business of stor-

age or custody of motor vehicles covered by Mandatory Decree No. 40. Metropolitan Construction Corp. is summoned, but not Martos Torres. Metropolitan Construction answered on the merits; a pretrial conference was held and the case was set for hearing.

Subsequently Metropolitan Construction moved for summary judgment and alleged in support thereof that complainant was an employee of Martos Torres and that the latter by means of a contract had leased from appellee the parking lot referred to in the complaint. It attached to its motion a sworn statement from the comptroller of the Metropolitan stating that the Metropolitan is the owner of a lot located at Stop 18 on Ponce de León Avenue; that on March 5, 1958 it signed a lease contract by virtue of which it leased said property to Antonio Martos Torres to be used for a parking lot business; and that said lease contract was in effect as of March 5, 1958 and during such time as is mentioned in the claim for wages; that workman Francisco Negrón Figueroa was never an employee of Metropolitan Construction during that period and that it never contracted or used his services in such business.

In order to have a true idea of the problem involved we must be acquainted with the terms of the lease contract attached to the record as evidence of the petitioner:

### "LEASE CONTRACT

"AS PARTY OF THE FIRST PART—METROPOLITAN CONSTRUCTION CORPORATION—represented by Jorge I. Rosso, President, hereinafter referred to as 'LESSOR'.

"AS PARTY OF THE SECOND PART—ANTONIO MARTOS TORRES, of age, resident of No. 2014 A Avenue, Barrio Obrero, Santurce, Puerto Rico, hereinafter referred to as 'LESSEE'.

"The Metropolitan Construction Corporation (lessor) hereby leases to Antonio Martos Torres (lessee) the parking area for motor vehicles described below:—Area free from structures with access from 1305 Ponce de León Avenue and from 309

Villamil St., Stop 18, Santurce, P.R., subject to the terms and conditions specified below: —

"1—This lease contract shall have a 24-hour duration, becoming effective at 12:01 A.M., March 6, 1958, and shall be automatically renewed daily until either of the parties decides to discontinue it.

"2—The lease rental shall be $0.15 (fifteen cents) per motor vehicle parked for a 4-hour term or less and of $0.30 (thirty cents) for each vehicle parked for more than four hours.

"3—In case the lessee allows any owner of a vehicle to park his car in the leased premises on a monthly payment, the lessee must immediately submit the name of the owner of the vehicle and its license plate number to lessor. In these cases lessee shall charge the owner of the vehicle a monthly rent of not less than $10 to be paid in advance, which shall be immediately delivered in full to the lessor. At the end of the month covering such rents, the lessor shall pay the lessee 25% (of the total amount) of such rents.

"4—The lessee shall submit a daily detailed report of the vehicles parked in the area including the license plate numbers and the amount charged for each one.

"5—This report shall be submitted to the lessor on or before 9:00 A.M. of the day following the collections. Together with the report, the lessee shall deliver the amount corresponding to collections for the previous day at the central offices of the lessor, located in the first floor of 315 Villamil St., Santurce, Puerto Rico.

"6—Lessee accepts as good the conditions of the land as of the date of this contract and binds himself to maintain these conditions for the duration of the lease.

"7—The lessee shall not sublet under any circumstances either a part or the whole of the parking lot covered by this contract; neither can he go into any kind of a deal unless he has a written authorization from the lessor.

"8—The lessee shall not transfer this contract.

"9—The lessee shall not build any kind of structure on the leased land.

"10—The lessor shall have the right to use the facilities of the lot free of charge for parking motor vehicles belonging to its officials and employees.

"11—The lessee shall be liable for any claim arising from any of the owners of the vehicles parked in the area."

The Secretary filed an opposition to the motion for summary judgment on the basis that the lease invoked was nothing more than an agency contract.

The court entered summary judgment dismissing the complaint. It based its judgment on the foregoing contract, which it considered as one typically of landlord and tenant relations. It concluded that if the services alleged had been rendered, they had been rendered to the lessee, Antonio Martos Torres and that the master and servant relation between said worker and Metropolitan Construction never existed. We issued a writ of review at the request of the Secretary of Labor. He maintains that said contract is not a lease but an agency contract in which the so-called lessee, Martos Torres, was manager or agent of Metropolitan on a commission basis in the operation of the parking business.

After analyzing the judicial business contained in the document copied in the light of the provisions of the Civil Code concerning the typical lease contract and its essential characteristics, it must certainly be concluded, at least, that it is a non-typical lease or very much *"sui generis."*

■ Because of the manner in which we shall dispose of this proceeding, it is not appropriate to express now any opinion as to whether there actually was a genuine lease relation or whether, on the contrary, it was an administration or agency relation, particularly since the elements of fact necessary to reach the appropriate conclusion are not available in the record, just as they were not available to the trial court. The alleged lease contract invoked by defendant Metropolitan Construction, in view of its clauses, raises a controversy of facts which required it be elucidated in a plenary suit. See *Roth* v. *Lugo*, 87 P.R.R. 365 (1963); *García López* v. *Méndez García*, 88 P.R.R. 352 (1963); *Mercado* v. *Mercado*, 87 P.R.R. 537 (1963); *Calderón Molina* v.

*Federal Land Bank*, 89 P.R.R. 689 (1963); *Valcourt Questell* v. *Superior Court*, 89 P.R.R. 809 (1964); *Díaz Carrión* v. *Eastern Sugar Associates*, 90 P.R.R. 170 (1964).

■ Complainant alleged having been hired by appellee. He had the right to prove by direct evidence or by means of cross-examination in a live trial, with the elements of fact necessary to discover the truth, that said leasehold was not genuine and that it was actually another relation. With this fact in dispute the trial court deprived him of the opportunity of proving it and overcoming the apparent relation adverse to him.

Rule 36.5 of the Rules of Civil Procedure of 1958 provides in part:

". . . If a motion for summary judgment is supported in the manner provided in Rule 36, the opposing party may not rely solely on the assertions or denials made in the pleadings, but shall be bound to answer in such detail and specifically as the moving party would have done, stating those material facts which in his judgment he seeks to establish. Upon failure to answer under oath judgment shall be rendered against him."

We take into consideration the fact that in its sworn statement the appellee denied having employed the complainant. See *Cortés* v. *Heirs of Cortés*, 83 P.R.R. 660 (1961). In opposition the laborer simply denied the existence of a lease. Nevertheless, the Minimum Wage Act of Puerto Rico—No. 96 of June 26, 1956—establishes that the term employer includes any person who, whether or not for profit, employs any number of laborers *or allows them to work*, etc., for compensation of any sort. Therefore, even though appellee should not have employed the complainant directly or personally, it could be his employer pursuant to the foregoing provision of the Act upon allowing him to work in said busniess, if it should ultimately appear that the so-called lease was an administration contract, and that the business was actually operated by appellee itself in such indirect manner. If it

were so, and even if complainant had been employed by Martos Torres as an agent, by reason of law appellee could be his employer.

For the reasons stated, and there being an issue of fact to be elucidated, the summary judgment entered in this case was inappropriate. The judgment will be reversed and the case remanded to the trial court for further proceedings compatible with the pronouncements herein.